```
1  McGREGOR W. SCOTT
   United States Attorney
2  BENJAMIN B. WAGNER
   COURTNEY J. LINN
3  Assistant U.S. Attorneys
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone (916) 554-2700
5
```

6            IN THE UNITED STATES DISTRICT COURT

7            FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9  UNITED STATES OF AMERICA    ) 2:04-CR-0220-WBS
                                )
10                              ) PRELIMINARY ORDER OF FORFEITURE
              Plaintiff,        ) AND PUBLICATION THEREOF
11                              )
                                )
12        v.                    ) Date: August 31, 2005
                                ) Time: 9:00 a.m.
13                              ) Court: Hon. William B. Shubb
                                )
14 SEKHARITH BE,                )
                                )
15                              )
              Defendant.        )
16 _____)

17

18        Based upon defendant Sekharith Be's conviction on Count

19 Seven (a violation of 18 U.S.C. § 1960) of the Superseding

20 Indictment, it is hereby

21        ORDERED, ADJUDGED AND DECREED as follows:

22        1.  Pursuant to Fed. R. Crim. P. 32.2, 18 U.S.C. §

23 982(a)(1), and U.S.C. § 982(b)(1) (incorporating provisions of 21

24 U.S.C. § 853(p)), defendant Sekharith Be's interest in the

25 following property shall be condemned and forfeited to the United

26 States of America, to be disposed of according to law:

27              1.  Approximately $22,000.00 in U.S. Currency seized
                    on or about May 18, 2004;

28

|   |   |   |
|---|---|---|
| 1 | 2. | Approximately $4,248.00 in U.S. Currency with Potential Collector Value seized on or about May 18, 2004; |
| 2 |   |   |
| 3 | 3. | 47 pieces of jewelry seized on or about May 18, 2004; and |
| 4 |   |   |
| 5 | 4. | 39 clear cut stones seized on or about May 18, 2004. |

Hereinafter, these assets are collectively referred to as the "Assets".

    2.  The above-listed Assets constitute substitute assets pursuant to 18 U.S.C. § 982(b)(1) (incorporating 21 U.S.C. § 853(p)).

    3.  Pursuant to Fed. R. Crim. P. 32.2(b), the Secretary of Treasury (or a designee) is authorized to retain the above-described properties in his custody and control.  That the aforementioned forfeited properties shall be seized and held by the Department of Treasury, Internal Revenue Service - Criminal Investigations Division, in its secure custody and control.

    4.  a.  Pursuant to 18 U.S.C. § 982(b)(1) incorporating 21 U.S.C. § 853(n) and Local Rule 83-171, the United States forthwith shall publish at least once for three successive weeks in the <u>Stockton Record</u> (San Joaquin County), a newspaper of general circulation located in the county in which the above-described Assets were seized, notice of this Order, notice of the Secretary of Treasury's intent to dispose of the property in such manner as the Secretary of Treasury may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final

publication of the notice or of receipt of actual notice, whichever is earlier.

   b. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

   c. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Assets that are the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

 5. If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 982(a)(1) and U.S.C. § 982(b)(1) (incorporating provisions of 21 U.S.C. § 853(p)) in which all interests will be addressed.

 SO ORDERED nunc pro tunc this 14th day of September, 2005.

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3